45D02-2304-CT-000411

Lake Superior Court, Civil Division 2

Filed: 4/9/2023 9:16 PM
Clerk
Lake County, Indiana

| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT CROWN POINT, INDIANA |

| KRISTY NORTH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | |
| ALVIDAS PAKARKLIS, | ) | |
| AMES HOLDINGS and ADVANCE | ) | |
| TRANSPORATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### Count I

NOW COMES Plaintiff, by counsel, Walter J. Alvarez, P.C., and complaining of the Defendant, ALVIDAS PAKARKLIS, states as follows:

1. That at the time of the incident described herein, Plaintiff was a resident of Lake County, State of Indiana.

2. That all of the operative facts herein occurred with the territorial boundaries and confines of Lake County, State of Indiana.

3. That on or about April 15, 2021, at about 11:05 a.m., Plaintiff was lawfully and properly operating her SUV eastbound on Interstate 80, at or near mile marker 3.6, in Lake County, Indiana, having duly entered from the Kennedy Avenue on-ramp.

4. That on or about April 15, 2021, at about 11:05 a.m., Defendant, ALVIDAS PAKARKLIS, was also driving eastbound on Interstate 80, in a Freightliner semi-tractor, at or near mile marker 3.6, alongside Plaintiff's vehicle, that had entered from Kennedy Avenue, in Lake

-1-

EXHIBIT A

County, Indiana.

5. That on and before April 15, 2021, Defendant, ALVIDAS PAKARKLIS, owed Plaintiff, and other drivers upon the public roadways, a duty to use reasonable care in the operation, inspection, maintenance, and repair of the semi tractor he was driving, so as to avoid causing injury, harm, damage, and loss.

6. However, on or about April 15, 2021, Defendant, ALVIDAS PAKARKLIS, (hereafter "Pakarklis") breached the foregoing duties and was negligent and/or reckless in one or more of the following ways, *inter alia*:

   a. Pakarklis failed to maintain a reasonable and proper lookout for other vehicles sharing the highway, such as plaintiff;

   b. Pakarklis failed to reasonably and properly control his commercial vehicle;

   c. Pakarklis failed to make allowance for vehicles, such as plaintiff, duly entering and merging onto the highway;

   d. Pakarklis failed to briefly and mildly slow his vehicle momentarily to provide the room and distance required by plaintiff to safely merge onto the highway;

   e. Pakarklis knowingly operated a commercial vehicle without warning devices to alert him of the presence of vehicles traveling near his semi-truck *or* Pakarklis failed to observe and/or disregarded such warning system(s) or device(s);

   f. Pakarklis failed to act as a reasonably prudent professionally licensed and trained truck driver would have acted under the same or similar conditions;

   g. Pakarklis failed to comply with Parts 390, 391, 392, 395, and 396 of the Federal Motor Carrier Safety Regulations, as he was a professional truck driver possessing a

commercial driver's license;

h. Pakarklis failed to yield the right of way to Plaintiff's car;

i. Pakarklis made an unsafe and improper lane change;

j. Pakarklis operated his commercial vehicle at an unsafe and unreasonable speed given the then-existing conditions;

k. Pakarklis failed to reduce his traveling speed to avoid a collision;

l. Pakarklis failed to reasonably and prudently manage his vehicle's speed, space, and room within and among the lanes of the highway, and as such, put/placed plaintiff's car into his blind spot or a place of imminent danger;

m. Pakarklis failed to take reasonable steps, actions or maneuvers to avoid a crash;

n. Pakarklis failed to pay proper attention to other vehicles sharing the highway, such as plaintiff;

o. Pakarklis chose to allow himself to become distracted and his attention diverted from traffic aside him and/or in front of him;

p. Pakarklis failed to inspect the vehicle he was driving, before operating it, when a reasonable inspection would have revealed needed repairs or unreasonably dangerous defects;

q. Pakarklis failed to maintain the vehicle he was driving, before operating it, when reasonable maintenance would have prevented needed repairs and/or unreasonably dangerous defects;

r. Pakarklis failed to repair the vehicle he was driving when he knew or, in the exercise of reasonable care, should have known that the vehicle he was driving was in need of

      repair and/or was unreasonably dangerous to operate; and/or

    s.    Pakarklis was otherwise negligent under the circumstances.

7. As a direct and proximate result of Pakarklis' negligence and/or recklessness, Pakarklis collided with the rear end of Kristy's car with great force and violence.

8. As a direct and proximate result of Defendant's, ALVIDAS PAKARKLIS, negligence and/or recklessness and the resulting impact, Plaintiff sustained injuries, damages, harm, and loss; incurred and will incur medical, hospital, surgical, pharmaceutical, and therapeutic expense; suffered and will suffer physical pain and loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff prays for reasonable compensatory relief from Defendant, ALVIDAS PAKARKLIS, for all injuries, expenses, and damages pertaining or relating to the incident described herein, costs of this action, and for any and all other just and proper relief in the premises.

### Count II

NOW COMES Plaintiff, by counsel, and for Count II of her Complaint against Defendants, AMES HOLDINGS and ADVANCE TRANSPORATION SYSTEMS, INC., (hereinafter "AMES and/or ADVANCE") states and alleges as follows:

9. Plaintiff repeats and re-alleges each and every allegation contained in rhetorical paragraphs 1 through 8 of Count I of this Complaint with like effect as if fully set forth herein.

10. That Defendants, AMES and/or ADVANCE, are foreign for-profit corporations doing business in the State of Indiana, including upon the roadways and interstate highways of Lake County, Indiana, and is/are authorized to operate as a motor carrier under the Federal

Motor Carrier Safety Act.

11. That on April 15, 2021, Defendant, ALVIDAS PAKARKLIS, was an employee and/or agent of Defendants, AMES and/or ADVANCE, and acting within the scope and course of said employment/agency.

12. That on April 15, 2021, Defendant, ALVIDAS PAKARKLIS, was an employee of Defendants, AMES and/or ADVANCE, as defined by the Federal Motor Carrier Safety Act., 49 C.F.R. 390.5.

13. That Defendants, AMES and/or ADVANCE, is/are vicariously liable under the doctrine of *Respondeat Superior* for the negligent acts and/or omissions of Defendant, ALVIDAS PAKARKLIS, as aforesaid.

14. That on and before April 15, 2021, Defendants, AMES and/or ADVANCE, owed Plaintiff, and other drivers upon the public roadways, a duty to use reasonable care in the hiring, training, supervision, and retention of those entrusted to operate its/their tractor-trailer owned by Defendants, AMES and/or ADVANCE, so as to avoid causing injury, loss, harm, or damage to others.

15. That on or about April 15, 2021, Defendants, AMES and/or ADVANCE, breached the foregoing duties and was/were negligent and/or reckless.

16. As a direct and proximate result of Defendant's, ALVIDAS PAKARKLIS, negligence and/or recklessness and the resulting impact, Plaintiff, sustained injuries, damages, harm, and loss; incurred and will incur medical, hospital, pharmaceutical, and therapeutic expenses; suffered and will suffer physical pain and loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, prays for reasonable compensatory relief from Defendants, AMES HOLDINGS and ADVANCE TRANSPORATION SYSTEMS, INC., and each of them, for all injuries, expenses, and damages pertaining or relating to the incident described herein, costs of this action, and for any and all other just and proper relief in the premises.

> Respectfully submitted,
> **Walter J. Alvarez, p.c.**
>
> */s/Brock P Alvarado*
> Brock P. Alvarado (16348-45)
> *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury as to all issues raised in her Complaint.

> Respectfully submitted,
> **WALTER J. ALVAREZ, P.C.**
> *Attorneys for Plaintiff*
>
> */s/Brock P Alvarado*
> Brock P. Alvarado (16348-45)
> 1524 West 96th Avenue
> Crown Point IN 46307
> (219) 662-6400
> email: brock@gowithalvarez.com